**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) ) ) ) ) ) ) ) ) | No. CV 04-2062-PHX-DGC |
| Plaintiff, | | |
| vs. | | **ORDER** |
| Go Daddy Software, Inc., | | |
| Defendant. | | |

The Court held a discovery conference call on November 4, 2005. On the basis of the conference call and the Court's subsequent review of cases,

**IT IS HEREBY ORDERED:**

1. The fact discovery deadline in this case shall be extended to **December 21, 2005**, for the following purposes only:

    (a) to permit the deposition of Defendant's officer, Mr. Parsons;

    (b) to permit the deposition of three of the employees whose depositions were permitted in the Court's Order of October 24, 2005 (*see* Doc.#52 ¶ 2); and

    (c) to permit Defendant to depose the trial witnesses disclosed by Plaintiff two weeks before the discovery deadline.

2. The foregoing extension shall not affect any other deadline in this case, including the deadline for filing dispositive motions.

3. When the Court permitted Plaintiff to conduct five additional depositions (Doc. #52 ¶ 2), Plaintiff had already noticed the depositions of approximately ten individuals. One of those depositions subsequently was cancelled. The Court will permit that deposition to occur, of another witness, in addition to the five depositions permitted in the Court's previous Order (Doc. #52 ¶ 2).

3. The parties disagree on whether Defendant should be required to disclose the home addresses and phone numbers of certain current employees of Defendant. Plaintiff argues that such disclosures are required by Rule 26(a)(1)(A) and (g). Plaintiff also asserts that the information was sought in a request for production of documents served in May of this year. Defendant asserts that the employees in question have asked that their home addresses and telephone numbers not be disclosed. As a result, Defendant has disclosed only its general work address and telephone number, asserting that Plaintiff can contact the employees at work.

The Court has reviewed the cases cited by the parties. In *Dixon v. The Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996), the court held that witness disclosures under Rule 26(a)(1) must include home addresses and telephone numbers, not just business addresses and phone numbers.[1] In *Banks v. Office of the Senate Sargeant-At-Arms,* 222 F.R.D. 7, 15 (D.D.C. 2004), the court held that a defendant could provide the work address and phone number of employees if the defendant agreed to produce the employees for deposition or at trial, and that otherwise the defendant must provide the witness' home address and phone number. In *Waters v. United States Capitol Police Board*, 216 F.R.D. 153, 164-65 (D.D.C. 2003), the court held that defendant was not required to disclose the home addresses and phone numbers of police officers, noting that "in these troubled

---

[1] The EEOC also cited *Sender v. Mann*, 225 F.R.D. 645 (D. Colo. 2004). This case cites *Dixon*, but does not address the disclosure of witness home addresses and telephone numbers.

1 times" disclosures of personal information about law enforcement officers should be
2 avoided.

3 This authority favors Plaintiff. The employees in this case are not law enforcement
4 officers. Nor does Plaintiff intend to depose them or necessarily call them as witnesses at
5 trial. Because this case does not fall squarely under either *Waters* or *Banks*, the Court
6 concludes that the general rule in *Dixon* should apply: home addresses and telephone
7 numbers, not business addresses and telephone numbers, should be provided.

8 Defendant notes that the employees are concerned about disclosure of their home
9 addresses and phone numbers. This as a legitimate concern. The parties are ordered to
10 treat the employees' personal information as subject to the protective order governing
11 confidential information. Defendant shall make these disclosures on or before the close
12 of business on **November 10, 2005**.

13 DATED this 4th day of November, 2005.

David G. Campbell
United States District Judge