1  J. Mark Ogden; AZ Bar No. 017018
   mogden@littler.com
2  R. Shawn Oller; AZ Bar No. 019233
   soller@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  Camelback Esplanade
   2425 East Camelback Road, Suite 900
5  Phoenix, AZ  85016
   Telephone:   602.474.3600
6  Facsimile:    602.957.1801

7  Attorneys for Defendant
   Go Daddy Software, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                    FOR THE DISTRICT OF ARIZONA

11  Equal Employment Opportunity          Case No. CV 04 2062 PHX DGC
    Commission,
12
              Plaintiff,
13                                        **DEFENDANT'S MOTION IN**
    v.                                    ***LIMINE* REGARDING**
14                                        **EMOTIONAL DISTRESS AND**
    Go Daddy Software, Inc.,              **PUNITIVE DAMAGES**
15
              Defendant.
16

17  **I.      INTRODUCTION**

18         Defendant Go Daddy Software, Inc. (now known as Go Daddy.com, Inc.)

19  ("Go Daddy"), by and through undersigned counsel, moves for an Order excluding any

20  evidence regarding emotional distress or punitive damages.  In its Initial and Supplemental

21  Disclosures, Plaintiff has not provided any basis for, or calculation of, Mr. Bouamama's

22  emotional distress estimates or punitive damages.  As such, this Court should exclude any

23  evidence regarding these alleged damages.

24  **II.     LAW AND ARGUMENT**

25         In both its Initial and Supplemental Disclosure Statements, Plaintiff simply stated:

26         With respect to non-pecuniary compensatory and punitive
           damages, this is an issue for the fact finder, if appropriate, and
27         there is not method to compute these damages with precision.
           The Commission, however, recognizes that non-pecuniary
28         compensatory and/or punitive damages are subject to statutory

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1    limitations, which will be determined during the course of
2    discovery.

3    To date, Plaintiff has not provided a calculation or breakdown regarding the amount of

4    compensatory or punitive damages it is seeking on behalf of Mr. Bouamama.

5    Rule 26(a)(1)(C) provides that a party is required to disclose:

6    a computation of any category of damages claimed by the
     disclosing party, making available for inspection and copying as
7    under Rule 34 the documents or other evidentiary material, not
     privileged or protected from disclosure, on which such
8    computation is based, including materials bearing on the nature
     and extent of the injuries suffered."
9

10   FED. R. CIV. P. 26(a)(1)(C).  That Rule also "imposes a burden of disclosure that include the

11   functional equivalent of a standing Request for Production under Rule 34."  Adv. Cmte.

12   Notes, 1993 Amendments to Fed. R. Civ. P. 26(a)(1)(C).

13   Rule 37(c)(1) provides that a party's failure to disclose information required by

14   Rule 26(a), without substantial justification, bars use of that evidence at trial or on any

15   motion, unless such failure is harmless.  FED. R. CIV. P. 37(c)(1).  Rule 37(c) is "self-

16   executing" and "automatic," requiring no prior motion or order.  Adv. Cmte. Notes, *supra*.

17   Plaintiff (not Defendant) has the burden to prove that the conduct was substantially justified

18   or harmless, otherwise the evidentiary exclusion is mandatory under the language of

19   Rule 37(c)(1).  *Ortiz-Lopez v. Societdad Espanola*, 248 F.3d 34 (1st Cir. 2001).  As an

20   additional remedy, the Court may impose any of the sanctions set forth in Rule 37(b)(2)(A),

21   (B), and (C), such as the establishment of particular matters of proof, the refusal to permit a

22   party to support or offer evidence of its claims, striking portions of the pleadings, and

23   dismissing claims.  Without prior disclosure, Plaintiff cannot present evidence of damages at

24   trial.  *Fashion House, Inc. v. K Mart Corp.*, 892 F.2d 1076, 1081-82 (1st Cir. 1989) (refusal

25   to produce documents regarding damage claims barred use of documents at trial).

26   Plaintiff cannot present the Court with any substantial justification for its tactics.

27   While not a science, decades of federal precedent and jury instructions have developed

28   standards for calculating emotional distress and punitive award damages.  *See, e.g.*, *Carey v.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

2

1   *Piphus*, 435 U.S. 247, 248 (1978) (emotional distress award requires proof of actual injury);

2   *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 378 (5th Cir. 2000) (emotional distress

3   damages for retaliation verdict in Title VII action reduced from $300,000 to $10,000 where

4   the sole evidence of damages was the plaintiff's testimony).

5   Plaintiff will ask the jury to award a sum for emotional distress damages without

6   providing any basis for Mr. Bouamama's entitlement to that amount.   If Plaintiff cannot

7   provide jurors with a basis for its estimate, it should hardly expect jurors to reasonably

8   formulate their own basis for an emotional distress damages award.

9   **III.   CONCLUSION**

10   Accordingly, Defendant respectfully requests that the Court enter an Order precluding

11   Plaintiff from introducing evidence of emotional distress or punitive damages.

12   RESPECTFULLY SUBMITTED this 15th day of September, 2006.

13                                                  *s/ R. Shawn Oller*
                                                    J. Mark Ogden
14                                                  Steven G. Biddle
                                                    R. Shawn Oller
15                                                  LITTLER MENDELSON, P.C.
                                                    Attorneys for Defendant
16                                                  Go Daddy Software, Inc.

17   I hereby certify that I electronically
     transmitted the attached document
18   to the Clerk's Office using the
     CM/ECF System for filing and
19   transmittal of a Notice of
     Electronic Filing to the following
20   CM/ECF registrants, and mailed a
     copy of same to the following if
21   non-registrants, this 15th day of
     September, 2006:
22
     Mary Jo O'Neill, Esq.
23   C. Emanuel Smith, Esq.
     P. David Lopez, Esq.
24   Lucila G. Rosas, Esq.
     Equal Employment Opportunity Commission
25   3300 North Central Avenue, Suite 690
     Phoenix, Arizona  85012-9688
26   *Attorneys for Plaintiff*

27          *s/ Jaye Sanschagrin*

28   Firmwide:81488482.1 048902.1002

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

3