J. Mark Ogden; AZ Bar No. 017018
mogden@littler.com
R. Shawn Oller; AZ Bar No. 019233
soller@littler.com
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendant
Go Daddy Software, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>Go Daddy Software, Inc.,<br><br>Defendant. | Case No. CV 04 2062 PHX DGC<br><br>**DEFENDANT'S MOTION IN *LIMINE* REGARDING NET WORTH** |

**I.     INTRODUCTION**

Defendant Go Daddy Software, Inc. (now known as Go Daddy.com, Inc.) ("Go Daddy"), by and through undersigned counsel, hereby moves for an Order precluding the Plaintiff Equal Employment Opportunity Commission ("EEOC") from introducing any evidence regarding Go Daddy's size, financial condition, and/or net worth during the liability phase of this trial, including during opening statements.

**II.    LAW AND ARGUMENT**

Go Daddy anticipates that Plaintiff may seek to introduce evidence of Defendant's size, financial condition and/or net worth or wealth.  Such evidence is not relevant and is prejudicial and inadmissible.  FED. R. EVID. 402 provides that only "relevant evidence" is admissible in an action.  Relevant evidence is evidence "having any tendency to make the

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." In this matter, the sole issue is whether Defendant discriminated and/or retaliated against Mr. Bouamama. Evidence concerning Defendant's financial condition and/or size is irrelevant to the issues in this lawsuit.

Evidence concerning Defendant's financial condition and/or size is irrelevant to the issues in the lawsuit, the only purpose for the introduction of such evidence is to prejudice the jury by depicting Defendant as a large entity with "deep pockets." Such evidence would serve only to prejudice the jury by depicting Defendant was a large entity with "deep pockets." Such evidence would serve only to confuse the jury as to the issues of liability and damages and would provide an incentive to the jury to award damages despite any actual legal liability.

Defendant asserts that it would be unduly prejudicial for evidence regarding Defendant's size, financial condition, and/or net worth, to become entangled in the jurors' minds with evidence regarding Defendant's liability on Plaintiff's discrimination and retaliation claims. A defendant's ability to pay damages may infect the determination of liability with "a foreign, diverting and distracting issue which may effectuate a prejudicial result." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (*citing Blankenship v. Roundtree*, 219 F.2d 597, 598 (10th Cir. 1955)). *See also Lagudi v. Long Island R.R. Co.*, 775 F. Supp. 73, 75 (E.D.N.Y. 1991) (evidence regarding damages presented at the liability stage "may well serve only to confuse the jury as to the separate issues of liability and damages"); *Mid-Continent Cabinetry, Inc. v. George Koch & Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990) (evidence of a defendant's net worth or financial condition is inadmissible until the plaintiff has first proved a *prima facie* case of liability for punitive damages). Thus, all evidence relevant to the amount of punitive damages should be excluded from the first phase of the trial.

### III. CONCLUSION

For the foregoing reasons, Go Daddy respectfully requests that the Court enter an Order precluding the EEOC from introducing evidence or referencing Go Daddy's size,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

2

1  financial condition, and/or net worth, during the liability phase of the trial and unless and
2  until Plaintiff can establish its entitlement to punitive damages.
3       RESPECTFULLY SUBMITTED this 15th day of September, 2006.

                         *s/ R. Shawn Oller*
                         J. Mark Ogden
                         Steven G. Biddle
                         R. Shawn Oller
                         LITTLER MENDELSON, P.C.
                         Attorneys for Defendant
                         Go Daddy Software, Inc.

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 15th day of September, 2006:

Mary Jo O'Neill, Esq.
C. Emanuel Smith, Esq.
P. David Lopez, Esq.
Lucila G. Rosas, Esq.
Equal Employment Opportunity Commission
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-9688
*Attorneys for Plaintiff*

    *s/ Jaye Sanschagrin*

Firmwide:81485835.1 048902.1002

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

3