J. Mark Ogden; AZ Bar No. 017018
mogden@littler.com
R. Shawn Oller; AZ Bar No. 019233
soller@littler.com
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:   602.957.1801

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>            Plaintiff,<br><br>v.<br><br>Go Daddy Software, Inc.,<br><br>            Defendant. | Case No. CV 04 2062 PHX DGC<br><br>**DEFENDANT'S TRIAL BRIEF REGARDING DIRECT EVIDENCE** |

**I.    INTRODUCTION**

Defendant Go Daddy Software, Inc. (now known as Go Daddy.com, Inc.) ("Go Daddy"), files its Trial Brief Regarding Direct Evidence.  Plaintiff has proposed a jury instruction that is, on its face, an incorrect statement of the law, and Defendant has objected to this jury instruction.  Even if the Court were to consider Plaintiff's proposed jury instruction, the Court must first address the threshold question of whether Plaintiff has or can present "direct" evidence of discrimination in this case.  Because Plaintiff has not and cannot present direct evidence that Go Daddy discriminated against Mr. Bouamama because he was Moroccan and/or Muslim and/or retaliated against him for engaging in protected activity, the Court should reject the Plaintiff's proposed jury instruction for this reason as well.

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

## II.   LAW AND ARGUMENT

Defendant anticipates that Plaintiff will attempt to argue, and ask for a jury instruction, on the issue of direct evidence (*See*, *e.g.*, Plaintiff's Proposed Instruction No. 1).[1] Specifically, Plaintiff will attempt to introduce comments attributed to Brett Villeneuve and Craig Franklin as direct evidence that Defendant did not promote Youssef Bouamama to the position of Sales Supervisor, and then terminated him because he was Moroccan and/or Muslim and/or in retaliation for engaging in protected activity. Plaintiff's so-called "direct evidence" consists of the following comments: (1) Mr. Villenueve allegedly asked Mr. Bouamama about his national origin and religion in December 2001, (2) Mr. Villenueve allegedly made derogatory comments about Muslims in early 2002, (3) Mr. Villenueve allegedly used the term "ragheads," and (4) Mr. Villenueve "ridiculed" Mr. Bouamama's accent. He will also attempt to argue that Mr. Franklin's alleged comment "You're lucky that I like you" is direct evidence of discrimination against Moroccans and/or Muslims and/or direct evidence of retaliation.

Plaintiff, however, confuses "direct" and "circumstantial" evidence of discrimination. Direct evidence is evidence that, if believed, proves the existence of discriminatory *animus* without inference or presumption. *See Stegall v. Citadel Brod. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2004). The starting point for what constitutes "direct" evidence of discrimination, as opposed to "stray remarks," is Justice O'Connor's concurring opinion in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

> [S]tray remarks in the workplace, while perhaps probative of sexual harassment ... cannot justify requiring the employer to prove that its hiring or promotion decisions were based on legitimate criteria. ***Nor can statements by nondecisionmakers, or statements made by decisionmakers unrelated to the decisional process itself, suffice to satisfy the plaintiff's burden in this regard***.

*Price Waterhouse*, 490 U.S. at 276 (emphasis added). Thus, to rise above the level of a stray remark and constitute direct evidence of discrimination, a remark must be: (1) made

---

[1] Defendant objections to Plaintiff's Proposed Instruction No. 1 are stated in the parties' Proposed Jury Instructions and will not be repeated here.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

by either the decisionmaker (*i.e.*, the person who made an adverse employment decision regarding Mr. Bouamama) or by one whose recommendation the decisionmaker seeks; (2) related to the specific employment decision challenged; and (3) made close in time to the decision. *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (plurality and O'Connor, J., concurring); *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990) (*citing Hopkins* and *Smith v. Firestone Tire and Rubber Co.*, 875 F.2d 1325, 1330 (7th Cir. 1989)); *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993). Statements by non-decisionmakers and statements by the decisionmaker that are unrelated to the decisional process are insufficient to support a discrimination claim. *Merrick, supra*; *Nesbit*, *supra*.

Direct evidence "would take the form, for example, of an employer telling an employee, 'I fired you because you are disabled or elderly.'" *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998); *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005) (direct evidence is essentially an "outright admission" that a challenged action was undertaken for one of the forbidden reasons covered in Title VII); *Russell v. City of Kansas City, Missouri*, 414 F.3d 863, 866 (8th Cir. 2005) (direct evidence is "evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action."). Needless to say, the Ninth Circuit has held that direct evidence of employment discrimination is "rare." *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 662 (9th Cir. 2002). No direct evidence exists in the present case. In the present case, there is no evidence that Go Daddy told Mr. Bouamama he was not being promoted because he is Moroccan and/or Muslim and/or because he engaged in protected activity. Similarly, there is no evidence that anyone at Go Daddy told Mr. Bouamama that he could no longer work for the company because he is Moroccan and/or Muslim and/or because he engaged in protected activity.

To the extent that Plaintiff relies upon Ninth Circuit decisions in *Dominguez-Curry v. Nev. Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005), *Couglan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005), or *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1117

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

3

(9th Cir. 2004), to establish a different rule, its reliance is misplaced. For example, the comments by the immediate supervisor in *Dominguez-Curry* were directly tied to the employment decisions at issue. For example, the plaintiff testified that, in relation to a promotional opportunity, her supervisor told her "he was going to hire a man.... His answer would always be he wants a man to do the job. He doesn't feel that I or a female could go out into the field and do the work that a man is required to do." *Dominguez-Curry*, 424 F.3d at 1037. Similarly, he also told the plaintiff's husband "he was never going to give [the plaintiff] the job, he has a problem with you because you're a small female." *Id.* In finding that these comments constituted direct evidence, the Ninth Circuit held "Stacy's comments were not 'stray' or unrelated to the decisional process." *Id.* at 1038. Thus, *Dominguez-Curry* presents a rare case of direct evidence. In contrast, the court in *Coghlan* held that "Coghlan did not offer any direct evidence of ASC's discriminatory intent." *Coghlan*, 413 F.3d at 1096. Similarly, in *McGinest*, the Ninth Circuit did not hold that the plaintiff there had produced any "direct" evidence of discrimination and, in fact, did not rely on any alleged comments when it held that the plaintiff raised a fact issue with regard to his race discrimination claim. *See McGinest*, 360 F.3d at 1123-25. Notably, the Ninth Circuit's discussion of whether the disputed comments (*i.e.*, whether "drug dealer" was "code word" for African-Americans) arose in connection with the plaintiff's harassment claim. *Id.* at 117-18.

Not only are the comments relied upon by Plaintiff not direct evidence of discrimination, they are weak circumstantial evidence, at best. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912 (9th Cir.), *cert. denied*, 522 U.S. 950 (1997). Franklin's only alleged comment – "You're lucky that I like you" – is not only ambiguous on its face but also was unrelated to either of the employment decisions at issue. Plaintiff faces even greater hurdles with respect to Villenueve's alleged comments. First, the disputed comments have no bearing on the Sales Supervisor position or Plaintiff's alleged termination. Bouamama testified that Villeneuve asked him about his national origin and religion in December 2001 and allegedly made a derogatory comment about Muslims in early 2002 – both more than a year before the Sales Supervisor decision or Plaintiff's separation. The

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

4

remaining two comments cited by Plaintiff are even more attenuated. The "rag head" comment was allegedly overheard by a former employee, after-hours, away from the workplace at a party, at some unspecified time. Again, it is unrelated to the decisions at issue. Finally, not even Boaumama has complained that Villeneuve "ridiculed" his accent. The testimony by yet another former co-worker establishes, at best, that Villeneuve and Bouamama engaged in good-natured "jibbing" and that Bouamama gave "as good as he got." Again, there is no evidence linking any of these alleged comments to the adverse employment actions at issue.

### III. CONCLUSION

Plaintiff has not and cannot present direct evidence that Go Daddy discriminated against Mr. Bouamama because he was Moroccan and/or Muslim and/or retaliated against him for engaging in protected activity. Accordingly, the Court should reject the Plaintiff's proposed jury instruction for this additional reason.

RESPECTFULLY SUBMITTED this 15th day of September, 2006.

    *s/ R. Shawn Oller*
J. Mark Ogden
Steven G. Biddle
R. Shawn Oller
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Go Daddy Software, Inc.

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 15th day of September, 2006:

Mary Jo O'Neill, Esq.
C. Emanuel Smith, Esq.
P. David Lopez, Esq.
Lucila G. Rosas, Esq.
Equal Employment Opportunity Commission
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-9688
*Attorneys for Plaintiff*

    *s/ Jaye Sanschagrin*
Firmwide:81488651.1 048902.1002

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

5