MARY JO O'NEILL AZ Bar No. 005924
SALLY C. SHANLEY AZ Bar No. 012251
P. DAVID LOPEZ DC Bar No.426463
LUCILA G. ROSAS CA Bar No. 187345
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: 602-640-5016
Fax: 602-640-5009
sally.shanley@eeoc.gov
patrick.lopez@eeoc.gov
lucila.rosas@eeoc.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | CV-04-2062-PHX-DGC |
| Plaintiff, | **TRIAL BRIEF REGARDING DIRECT EVIDENCE** |
| vs. | |
| Go Daddy Software, Inc., | |
| Defendant. | |

In this case brought under Title VII, Plaintiff claims that Youssef Bouamama was a victim of intentional employment discrimination because of his national origin and religion.  In the Pretrial Order, the Defendant contends that the issue of whether there is direct evidence of discrimination in this case is a question of law, not fact.  In addition, the Defendant asserts in its objection to the Commission's Proposed Jury Instruction No. 9 that what constitutes "direct evidence" of discrimination is a question of law, not fact.

The Commission disagrees.  Defendant raised this issue in its Motion for Partial Summary Judgment and did not prevail.  Defendant's Motion for Partial Summary

Judgment, at 10 (Dkt. 94); Defendant's Reply, at 2-3 (Dkt. 112).  In this Court's decision denying Defendant's Motion for Summary Judgment, it has concluded that remarks made by the decision-makers in this case constitute "direct evidence" creating a factual issue for the jury as to whether Go Daddy discriminated against Mr. Bouamama. Order, dated June 27, 2006, p. 7.  (Dkt. 121).   The Commission opposes any effort by the Defendant to attempt to revisit this issue and keep evidence about discriminatory comments away from the jury.Moreover, at this stage any claim that this is a legal issue that should be decided in Defendant's favor, would effectively, be an untimely Motion for Summary Judgment.  Scheduling Order, para. 7 (a) and (b), pp. 3-4.  (Docket 10).    Given Defendant's position, this trial brief sets forth that "direct evidence" is not a legal question, but rather a question of fact, as well as the legal standard for what constitutes direct evidence.

## II.  LEGAL STANDARDS FOR "DIRECT EVIDENCE"

Direct evidence is evidence which, if believed, proves the existence of discriminatory animus without inference or presumption.  *Stegall*, 350 F.3d at 1066 (*quoting Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1221 (9th Cir. 1998)).  "Direct evidence typically consists of clearly sexist, racist, or similarly discriminatory statements or actions by the employer." *Dominguez-Curry,* 424 F.3d at 1038 (quoting *Coghlan v. Am. Seafoods Co.,* 413 F.3d 1090, 1095 (9th Cir. 2005)).  The plaintiff is required to produce "very little" direct evidence of the employer's discriminatory intent to move past summary judgment. *Lindahl v. Air France,* 930 F.2d 1434, 1438 (9th Cir.1991).

The evidence of discriminatory statements made by Mr. Franklin and Mr. Villeneuve constitute "direct evidence," and as such are relevant and should be allowed as evidence of discrimination.  There is evidence that Mr. Franklin asked Mr. Bouamama about his religion and national origin and that Mr. Villeneuve made comments, such as, "we should bomb all the Rag Heads," "Muslims deserve to die," and that a "Muslim bastard needs to die." The Ninth Circuit has recognized that similar statements made by

- 2 -

decision makers constitute direct evidence of discriminatory animus.  *See EEOC v. Pape Lift, Inc.,* 115 F.3d 676, 679, 683 (9th Cir. 1997) (decision maker's statement that plaintiff "was old and burnt out ..." was direct evidence which a jury reasonably could conclude demonstrated the employer's discriminatory motive, not a "stray remark," distinguishing *Nesbit v. Pepsico,* 994 F.2d 703, 705 (9th Cir. 1993).   Defendant relies on *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438 (9th Cir. 1990) and *Nesbit v. Pepsico, Inc.,* 994 F.2d 703, 705 (9th Cir. 1993) as standing for the proposition that remarks must relate to the specific employment decision and be made specifically about a particular individual.  However, the Supreme Court recently held in *Ash v. Tyson Foods, Inc.,* 1265 S.Ct. 1195 (2006)  that while use of a "disputed word will not always be evidence of racial animus, it does not follow that the term, standing alone, is always benign."

In its objection to the Commission's jury instruction on direct evidence, Defendant cites only  *McClurg v. Santa Rosa Golf & Beach Club, Inc., 46 F. Supp. 2d 1244 (N.D. Fla. 1999),* as holding that what constitutes "direct evidence" of discrimination is a question of law, not fact.  However, this case does not stand for the proposition that this determination is one of law.  Rather it holds: (1) other forms of evidence besides direct evidence could be used to establish gender as motivating factor in adverse employment decision, and (2) employer's claim that same decision would have been made in absence of any gender bias was affirmative defense.  *Id.*

The speaker's meaning may depend on "various factors including context, inflection, tone of voice, local custom, and historical usage."  *Ash v. Tyson Foods, Inc.,* 1265 S.Ct. at 1197(holding that use of "boy" to refer to petitioners on some occasions, by a manager who made hiring decisions, could show racial animus without use of modifier like "black" or "white"); *see Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1128 (9th Cir. 2000) (stating that a decisionmaker's remark "that 'two Chinks' in the department were 'more than enough'" was strong evidence of discriminatory animus on the basis of nation origin, even though it was made in reference to another agent and after the hiring

decision); *see also Cardova v. State Farm Ins. Cos.,* 124 F.3d 1145, 1149 (9th Cir. 1997) (holding that use of derogatory comments like "dumb Mexican" constituted strong evidence of discriminatory animus on the basis of national origin and were not stray remarks*).* These analogous cases found that the discriminatory comments created a *factual* issue as to whether the plaintiff had suffered discrimination. In short, what constitutes "direct evidence" of discrimination is a question of fact, and as such is one for the jury.

## III.   CONCLUSION

Defendant raised this issue in its Motion for Partial Summary Judgment and did not prevail. Accordingly, there is no need for the Court to revisit the issue at this time.

RESPECTFULLY SUBMITTED  this 15th day of September, 2006.

>                     MARY JO O'NEILL
>                     Regional  Attorney
>
>                     SALLY C. SHANLEY
>                     Supervisory Trial Attorney
>                       s/Patrick Lopez
>                     P. DAVID LOPEZ
>                     Trial Attorney
>
>                     LUCILA G. ROSAS
>                     Trial Attorney
>
>                     EQUAL EMPLOYMENT
>                     OPPORTUNITY COMMISSION
>                     Phoenix District Office
>                     Suite 690
>                     3300 North Central Avenue
>                     Phoenix, Arizona 85012
>                     (602) 640-5016
>                     Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of September, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

J. Mark Ogden, Esq.
R. Shawn Oller, Esq.
LITTLER MENDELSON
2425 E. Camelback Rd., Suite 900
Phoenix, Arizona 85016-4242

Attorneys for Defendant


 s/ Phyllis Brady 
Legal Technician