MARY JO O'NEILL AZ Bar No. 005924
SALLY C. SHANLEY AZ Bar No. 012251
P. DAVID LOPEZ DC Bar No.426463
LUCILA G. ROSAS CA Bar No. 187345
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**, Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: 602-640-5016
Fax: 602-640-5009
sally.shanley@eeoc.gov
patrick.lopez@eeoc.gov
lucila.rosas@eeoc.gov
Attorneys for Plaintiff

J. MARK OGDEN AZ Bar No. 017018
R. SHAWN OLLER AZ Bar No. 019233
**LITTLER MENDELSON**, A Professional Corporation
Camelback Esplanade, Suite 900
2425 E. Camelback Rd.
Phoenix, Arizona 85016
Telephone: 602-474-3600
Fax: 602-957-1801
mogden@littler.com
soller@littler.com
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) | **CV-04-2062-PHX-DGC** |
| ) | |
| Plaintiff, ) | **PROPOSED JURY INSTRUCTIONS** |
| ) | |
| vs. ) | |
| ) | |
| Go Daddy Software, Inc., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendant

Go Daddy Software, Inc. (now known as Go Daddy.com) ("Go Daddy"), by and through

their undersigned counsel, hereby submit the following proposed jury instructions.

I.    Model Instructions

| | | |
|---|---|---|
| ST | 1.1 | Duty of Jury |
| ST | 1.2 | Claims and Defenses (proposed language, Attachment A) |
| ST | 1.3 | What Is Evidence |
| ST | 1.4 | What Is Not Evidence |
| ST | 1.5 | Evidence for Limited Purpose |
| ST | 1.6 | Direct And Circumstantial Evidence |
| ST | 1.7 | Ruling On Objections |
| ST | 1.8 | Credibility Of Witnesses |
| ST | 1.9 | Conduct Of The Jury |
| ST | 1.10 | No Transcript Available To Jury |
| ST | 1.12 | Outline Of Trial |
| ST | 1.13 | Burden Of Proof – Preponderance Of The Evidence |
| ST | 2.1 | Cautionary Instruction – First Recess |
| ST | 2.2 | Bench Conferences and Recesses |
| ST | 2.4 | Stipulations Of Fact |
| ST | 2.6 | Deposition As Substantive Evidence |
| DF | 2.7 | Transcript of Tape Recording |
| ST | 2.10 | Limited Purpose Evidence |
| ST | 2.13 | Use of Interrogatories of a Party |
| ST | 3.1 | Duties Of Jury To Find Facts And Follow Law |
| ST | 3.2 | What Is Evidence |
| ST | 3.3 | What Is Not Evidence |
| ST | 3.5 | Direct And Circumstantial Evidence |
| ST | 3.6 | Credibility Of Witnesses |
| ST | 3.9 | Charts And Summaries Not Received In Evidence |
| ST | 3.10 | Charts and Summaries in Evidence |
| DF | 3.12 | Impeachment Evidence—Witness |
| ST | 4.1 | Duty To Deliberate |
| ST | 4.3 | Communication With Court |
| ST | 4.4 | Return Of Verdict |
| DF | 4.5 | Additional Instructions of Law |
| ST | 4.6 | Deadlocked Jury |
| ST | 5.1 | Burden Of Proof – Preponderance Of The Evidence |
| ST | 5.3 | Complete Affirmative Defense |
| ST | 6.1 | Corporations and Partnerships – Fair Treatment |
| ST | 6.2 | Liability of Corporations—Scope of Authority Not in Issue |
| DF | 7.1, 7.2 | Damages – Proof |
| DF | 7.3 | Damages –  Mitigation |
| DF | 7.5 | Punitive Damages |
| DF | 12.1A | Disparate Treatment – Where EvidenceSupports "Sole Reason" |
| DF | 12.1B | Disparate Treatment–"Sole Reason"–Elements and Burden of Proof"Motivating" Factor |
| DF | 12.1C | Mixed Motive Affirmative Defense |
| DF | 12.3A | Retaliation – Elements |
| DF | 12.4A.1 | "Adverse Employment Action" in Retaliation Cases |
| DF | 12.4A.2 | "Adverse Employment Action" In Disparate Treatment Cases |

II.    Stipulated Non-Model Instructions.

None.

III.     Plaintiff's Modified Model and Non-Model Instructions

        3.12        Impeachment Evidence—Witness
        4.2         Use Of Notes
                    Direct Evidence
                    Pretext Instruction
        7.1, 7.2    Damages – Proof
                    Back Pay
                    Non-Pecuniary Compensatory Damages
        7.5         Punitive Damages (As Modified)
        1.15        Questions To Witnesses By Jurors
                    Record Keeping
                    Presumption Where Relevant Records Not Preserved
                    Mitigation of Damages

IV.      Defendant's Modified Model and Non-Model Instructions

                    Business Judgment Decision
                    Compensatory Damages
                    Protected Activity Defined
                    Go Daddy's Liability for Punitive Damages
                    Speculation as Evidence of Discrimination
                    Same Actor Inference
                    Title VII - Punitive Damages, Intentional Discrimination Alone is
                        Insufficient
                    Spoliation
                    Stray Remarks

        RESPECTFULLY SUBMITTED  this 15th day of September, 2006.

EQUAL EMPLOYMENT                    GO DADDY SOFTWARE, INC.
OPPORTUNITY COMMISSION


By   s/P. David Lopez            By   _____
     Mary Jo O'Neill                 J. Mark Ogden
     Sally C. Shanley                R. Shawn Oller
     P. David Lopez                  **LITTLER MENDELSON**
     Lucila G. Rosas                 A Professional Corporation
     **EQUAL EMPLOYMENT**            Camelback Esplanade, Suite 900
     **OPPORTUNITY COMMISSION**      2425 E. Camelback Rd.
     Phoenix District Office         Phoenix, Arizona 85016
     Suite 690
     3300 North Central Avenue
     Phoenix, Arizona  85012-2504    Attorneys for Defendant Go Daddy
                                       Software, Inc.

     Attorneys for Plaintiff EEOC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SECTION I

# STIPULATED MODEL INSTRUCTIONS

**Proposed Jury Instruction No. 1.1**

**DUTY OF JURY**

Ladies and Gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**Source:**    Instruction No. 1.1, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                      _____

Refused:                  _____

Given as Modified:    _____

Withdrawn:              _____

- 5 -

**Proposed Jury Instruction No. 1.2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that *Go Daddy discriminated against Mr. Bouamama because of his national origin, Moroccan, and his religion, Muslim, and retaliated against him for having complained about discrimination by failing to hire him for another position after his position was eliminated, and discharged him.*

The defendant denies those claims and contends that *it did not select Mr. Bouamama for a Sales Supervisor position because he interviewed poorly compared to the numerous other candidates. Go Daddy also alleges that it offered Mr. Bouamama the opportunity to apply for another position. He eventually voluntarily terminated his employment with Go Daddy.*

      **Source**:        Instruction No. 1.2, Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit (2005) (as modified).

Given                _____

Refused:            _____

Given as Modified:    _____

Withdrawn:          _____

**Proposed Jury Instruction No. 1.3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers stipulate.

**Source:**     Instruction No. 1.3, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                 _____

Refused:              _____

Given as Modified:   _____

Withdrawn:           _____

- 7 -

**Proposed Jury Instruction No. 1.4**

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you

see or hear is done or said by one of the parties or by one of the witnesses.

**Source:**     Instruction No. 1.4, *Manual of Model Civil Jury Instructions for the*

*District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:             _____

Given as Modified:  _____

Withdrawn:          _____

- 8 -

**Proposed Jury Instruction No. 1.5**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:**   Instruction No. 1.5, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given   _____

Refused:   _____

Given as Modified:  _____

Withdrawn:   _____

- 9 -

**Proposed Jury Instruction No. 1.6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**     Instruction No. 1.6, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given             _____

Refused:          _____

Given as Modified:  _____

Withdrawn:         _____

- 10 -

**Proposed Jury Instruction No. 1.7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:**     Instruction No. 1.7, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given              _____

Refused:          _____

Given as Modified:  _____

Withdrawn:      _____

- 11 -

**Proposed Jury Instruction No. 1.8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**Source:**          Instruction No. 1.8, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                 _____

Refused:             _____

Given as Modified:  _____

Withdrawn:          _____

- 12 -

**Proposed Jury Instruction No. 1.9**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**Source:**   Instruction No. 1.9, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).


Given                    _____

Refused:                 _____

Given as Modified:  _____

Withdrawn:            _____

- 13 -

**Proposed Jury Instruction No. 1.10**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**Source:**      Instruction No. 1.10, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given           _____

Refused:       _____

Given as Modified:   _____

Withdrawn:      _____

- 14 -

**Proposed Jury Instruction No. 1.12**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Source:**   Instruction No. 1.12, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:              _____

Given as Modified:  _____

Withdrawn:        _____

- 15 -

**Proposed Jury Instruction No. 1.13**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**     Instruction No. 1.13, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                   _____

Refused:                _____

Given as Modified:  _____

Withdrawn:           _____

- 16 -

**Proposed Jury Instruction No. 2.1**

**CAUTIONARY INSTRUCTION – FIRST RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**Source:**     Instruction No. 2.1, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                _____

Refused:         _____

Given as Modified:  _____

Withdrawn:       _____

- 17 -

**Proposed Jury Instruction No. 2.2**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.   The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:**  Instruction No. 2.2, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given            _____

Refused:         _____

Given as Modified:  _____

Withdrawn:        _____

- 18 -

**Proposed Jury Instruction No. 2.4**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**Source:**    Instruction No. 2.4, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:                 _____

Given as Modified:       _____

Withdrawn:               _____

**Proposed Jury Instruction No. 2.6**

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

[When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*witness*], which was taken on [*date*], is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Source:**     Instruction No. 2.6, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:               _____

Given as Modified:  _____

Withdrawn:          _____

**Proposed Jury Instruction No. 2.7**

**TRANSCRIPT OF TAPE RECORDING**

You are about to listen to a tape recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

**Source:**     Instruction No. 2.7, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                   _____

Refused:              _____

Given as Modified:  _____

Withdrawn:          _____

- 21 -

**Proposed Jury Instruction No. 2.10**

**LIMITED PURPOSE EVIDENCE**

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.

**Source:**  Instruction No. 2.10, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:               _____

Given as Modified:  _____

Withdrawn:           _____

- 22 -

**Proposed Jury Instruction No. 2.13**

**USE OF INTERROGATORIES OF A PARTY**

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures.  The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

**Source:**       Instruction No. 2.13, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given           _____

Refused:        _____

Given as Modified:  _____

Withdrawn:      _____

- 23 -

**Proposed Jury Instruction No. 3.1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

**Source:**  Instruction No. 3.1, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                  _____

Refused:               _____

Given as Modified:  _____

Withdrawn:          _____

- 24 -

**Proposed Jury Instruction No. 3.2**

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.

**Source:** Instruction No. 3.2, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:                 _____

Given as Modified:       _____

Withdrawn:               _____

- 25 -

**Proposed Jury Instruction No. 3.3**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:**     Instruction No. 3.3, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

- 26 -

Given             _____

Refused:          _____

Given as Modified: _____

Withdrawn:        _____

**Proposed Jury Instruction No. 3.5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**        Instruction No. 3.5, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given        _____

Refused:        _____

Given as Modified:  _____

Withdrawn:        _____

**Proposed Jury Instruction No. 3.6**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness' memory;

(3)    the witness' manner while testifying;

(4)    the witness' interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness' testimony;

(6)    the reasonableness of the witness' testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**Source:**        Instruction No. 3.6, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given             _____

Refused:          _____

Given as Modified:  _____

Withdrawn:         _____

1

2

3

**Proposed Jury Instruction No. 3.9**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

4

5

6

7

8

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9

10

**Source:**       Instruction No. 3.9, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

11

12

13

14

15

16

17

18

19

20

21

22

23

Given                      _____

24

Refused:                 _____

25

Given as Modified:  _____

26

Withdrawn:            _____

27

28

- 30 -

**Proposed Jury Instruction No. 3.10**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:**   Instruction No. 3.10, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                         _____

Refused:                    _____

Given as Modified:   _____

Withdrawn:               _____

**Proposed Jury Instruction No. 3.12**

**IMPEACHMENT EVIDENCE – WITNESS**

You have heard evidence that [*witness*], a witness, [e.g. has been convicted of a felony, lied under oath on a prior occasion, etc.]. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

**Source:** Instruction No. 3.12, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:                 _____

Given as Modified:       _____

Withdrawn:               _____

**Proposed Jury Instruction No. 4.1**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**  Instruction No. 4.1, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given            _____

Refused:         _____

Given as Modified:  _____

Withdrawn:       _____

- 33 -

**Proposed Jury Instruction No. 4.3**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:**   Instruction No. 4.3, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given          _____

Refused:       _____

Given as Modified:  _____

Withdrawn:     _____

- 34 -

**Proposed Jury Instruction No. 4.4**

**RETURN OF VERDICT**

A verdict has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]   After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:**  Instruction No. 4.4, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                            _____

Refused:                         _____

Given as Modified:   _____

Withdrawn:                  _____

- 35 -

**Proposed Jury Instruction No. 4.5**

**ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you a further instruction.  By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

**Source:**   Instruction No. 4.5 *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

:

Given                        _____

Refused:                     _____

Given as Modified:    _____

Withdrawn:               _____

**Proposed Jury Instruction No. 4.6**

**DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**Source:**    Instruction No. 4.6, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given          _____

Refused:       _____

Given as Modified:   _____

Withdrawn:     _____

- 37 -

**Proposed Jury Instruction No. 5.1**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Instruction No. 5.1, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                     _____

Refused:                _____

Given as Modified:   _____

Withdrawn:            _____

1
2
3

**Proposed Jury Instruction No. 5.3**

**COMPLETE AFFIRMATIVE DEFENSE**

4
5
6
7

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

8
9

**Source:**     Instruction No. 5.3, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Given                    _____

25
26

Refused:                 _____

Given as Modified:       _____

27
28

Withdrawn:               _____

**Proposed Jury Instruction No. 6.1**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a ***corporation*** is entitled to the same fair and conscientious consideration by you as any party.

**Source:** Instruction No. 6.1, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                      _____

Refused:                   _____

Given as Modified:  _____

Withdrawn:             _____

**Proposed Jury Instruction No. 6.2**

**LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT AN ISSUE**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Source:**    Instruction No. 6.2, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:              _____

Given as Modified:   _____

Withdrawn:          _____

- 41 -

**Proposed Jury Instruction No. 7.1, 7.2**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on plaintiff's _____ claim], you must determine Youssef Bouamama's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

Mr. Bouamama's compensatory damages, that is, the mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future because of the discriminatory and/or retaliatory conduct.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:**     Instruction Nos. 7.1, 7.2. *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                 _____

Refused:              _____

Given as Modified:    _____

Withdrawn:            _____

- 42 -

**Proposed Jury Instruction No. 7.3**

**DAMAGES – MITIGATION**

Mr. Bouamama has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

    1.    that ***Mr. Bouamama*** failed to use reasonable efforts to mitigate damages; and

    2.    the amount by which damages would have been mitigated.

**Source:**    Instruction No. 7.3, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

**Plaintiff's Objection**:    Plaintiff objects to this instruction on the basis that it does not fully address the facts of the instant case.  Plaintiff has proposed a non-model instruction regarding mitigation that more fully addresses the facts of this case.  *See* Plaintiff's proposed non-model instruction #_, Section __, below.

Given                _____

Refused:            _____

Given as Modified:   _____

Withdrawn:         _____

**Proposed Jury Instruction No. 7.5**

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who [performs] [fails to perform] it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

**Source:** Instruction No. 7.5, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

**Plaintiff's Objection**: This instruction contains an incomplete statement of the affirmative defense to a claim for punitive damages.  Plaintiff has requested a non-model instruction regarding punitive damages (Plaintiff's proposed instruction # above).  In addition, Plaintiff proposes the following instruction regarding Defendant's assertion of the affirmative defense to punitive damages.

- 44 -

1

2

3   Given                    _____

    Refused:                 _____

4   Given as Modified:       _____

5   Withdrawn:               _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Jury Instruction No. 12.1A**

**DISPARATE TREATMENT – WHERE EVIDENCE
SUPPORTS "SOLE REASON" OR "MOTIVATING" FACTOR"**

The plaintiff has brought a claim of employment discrimination against the defendant.  The plaintiff claims that Mr. Bouamama's religion and/or national origin and/or protected activity was either the sole reason or a motivating factor for the defendant's decision not to promote him to the position of Sales Supervisor and that he was terminated for these reasons as well.  The defendant denies that Mr. Bouamama's religion and/or national origin and/or protected activity was either the sole reason or a motivating factor for the defendant's decision not to promote him to the position of Sales Supervisor and his separation and further claims these decisions were based upon lawful reasons.

**Source:**      Instruction No. 12.1A, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

**Plaintiff's Objection**:      The Commission only objects to putting any portion of this or any instruction in boldface.

Given               _____
Refused:            _____
Given as Modified:  _____
Withdrawn:          _____

**Proposed Jury Instruction No. 12.1B**

**DISPARATE TREATMENT – "SOLE REASON" –
ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that Mr. Bouamama's religion and/or national origin and/or protected activity was the sole reason for the defendant's decision not to promote him to the position of Sales Supervisor and that he was terminated for these reasons as well, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.      Mr. Bouamama was not promoted and terminated by the defendant; and

2.      Mr. Bouamama was not promoted and terminated solely because of the plaintiff's religion and/or national origin.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**Source:**       Instruction No. 12.1B, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

**Plaintiff's Objection**:       The Commission objects to the instruction as confusing and misleading.  The Commission's promotion, termination, and retaliation claims are separate claims and, if the Commission, carries its burden with respect to any of these claims, the verdict should be for the Plaintiff  because it needs only to  prove that Mr. Bouamama's national origin, religion, and/or protected activity was a motivating factor in Defendant's decision not to promote or to terminate him.42 U.S.C.A. § 2000e-2(m). Finally, the instructions reference to what the Commission must prove does not include a reference to retaliation. Further, the Commission objects to including any portion of this or any instruction in boldface or italics. The Commission proposes the alternative instruction.

**Proposed Jury Instruction No. 12.1(C)**

**DISPARATE TREATMENT—"MOTIVATING FACTOR"— ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that Mr. Bouamama's religion and/or national origin and/or protected activity was a motivating factor for the defendant's decision not to promote him to the position of Sales Supervisor and/or the decision to terminate him, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.      Mr. Bouamama was not promoted and/or was terminated by the defendant; and

2.      Mr. Bouamama's religion, national origin, and/or protected activity was a motivating factor in Mr. Bouamama's (a)  non-promotion to the Sales Supervisor position, and/or termination.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

If plaintiff has failed to prove either of these elements, your verdict should be for the defendant. If plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. The plaintiff is entitled to monetary damages if you find that the defendant's decision was motivated both by [[race] [color] [religion] [sex] [national origin]] and a lawful reason, unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's [[race] [color] [religion] [sex] [national origin]] had played no role in the employment decision.

**Authority**:    Manual of Model Civ. Jury Instr. for the Ninth Cir., Instr. 12.1(C) (2004); 42 U.S.C.A. § 2000e-2(m).

- 48 -

Given                    _____

Refused:                 _____

Given as Modified:  _____

Withdrawn:               _____

**Proposed Jury Instruction No. 12.3A**

**RETALIATION – ELEMENTS**

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.      *Mr. Bouamama* engaged in or was engaging in an activity protected under federal law, that is *opposing discrimination under Title VII*;

2.      the employer subjected *Mr. Bouamama* to an adverse employment action, that is failed to promote him to the position of Sales Supervisor and/or terminated his employment; and

3.      *the protected activity was a substantial or motivating factor in the adverse employment action*.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

**Source:**     Instruction No. 12.3A, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                _____

Refused:             _____

Given as Modified:  _____

Withdrawn:          _____

**Proposed Jury Instruction No. 12.4A.1**

**"ADVERSE EMPLOYMENT ACTION"**
**IN RETALIATION CASES**

An action is an adverse employment action if it is reasonably likely to deter an employee from engaging in protected activity.

**Source:**   Instruction No. 12.4A.1, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                             _____

Refused:                         _____

Given as Modified:      _____

Withdrawn:                   _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Jury Instruction No. 12.4A.2**

**"ADVERSE EMPLOYMENT ACTION"**
**IN DISPARATE TREATMENT CASES**

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

**Source:**    Instruction No. 12.4A.2, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

Given                    _____

Refused:                 _____

Given as Modified:  _____

Withdrawn:            _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SECTION III

# PLAINTIFF'S NON-MODEL INSTRUCTIONS

**PLAINTIFF'S MODIFIED AND NON-MODEL INSTRUCTIONS**

### 3.12 IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that a witness, [e.g., lied under oath on a prior occasion or gave a prior inconsistent statement].  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.


**Authority**:    Model Civ. Jury Instr. for the Ninth Cir., Instr. 3.12 (2004)


Given             _____

Refused:          _____

Given as Modified: _____

Withdrawn:         _____

**Proposed Jury Instruction No. 4.2**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**Source:**     Instruction No. 4.2, *Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit* (2005) (as modified).

**Defendant's Objection**:     Defendant Objects to the use of notes by jurors.

Given                 _____

Refused:              _____

Given as Modified:    _____

Withdrawn:            _____

- 55 -

1

2

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 1
## DIRECT EVIDENCE

3

4

5

6

7

8

Direct evidence of discrimination, in violation of Title VII, would be evidence which, if believed, would prove the existence of a fact– such as unlawful discrimination– without inference or presumption. Any statement that, on its face, clearly shows the Defendant's discriminatory motive satisfies the definition of direct evidence. The meaning of the statement may depend on various factors including context, inflection, tone of voice, local custom and historical usage.

9

10

11

If you find direct evidence of Defendant's discriminatory or retaliatory treatment of Youssef Bouamama, the Plaintiff's burden of proof is satisfied and the discrimination or retaliation is considered proved.

12

13

14

15

16

The burden of proof then shifts to the Defendant. If you find direct evidence of discrimination, you must therefore find in favor of the Plaintiff, unless the Defendant proves by a preponderance of evidence that the Defendant would have taken the same adverse action, even absent the discriminatory or retaliatory motive.

17

18

19

20

**Authority**:  *Ash v. Tyson Foods, 126 S.Ct. 1195, 1197 (2006); Price Waterhouse v. Hopkins*, 490 U.S. 228, 242 (1989);*Dominguez-Curry v. Nev. Transp. Dept.,* 424 F.3d 1027, 1038 (9th Cir. 2005)(quoting *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005); *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 774 (9th Cir. 2005); *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1128 (9th Cir. 2000).

21

22

23

24

25

26

27

**Defendant's Objections:**  Defendant objects to this instruction because it is an incomplete and inaccurate description of the law. *Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (plurality and O'Connor, J., concurring); *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990) (citing *Hopkins and Smith v. Firestone Tire and Rubber Co.*, 875 F.2d 1325, 1330 (7th Cir. 1989)); *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993). Defendant further objects to this instruction because there is no direct evidence of discrimination or retaliation in the present case. Defendant further objects to this instruction

28

- 56 -

because the determination of what constitutes "direct evidence" of discrimination is a question of law; not fact. See, e.g., *McClurg v. Santa Rosa Golf & Beach Club, Inc.*, 46 F.Supp.2d 1244 (N.D. Fla.1999).  Defendant further objects to this instruction because it improperly injects the *McDonnell Douglas* burden shifting instruction, which should not be given to the jury in Title VII cases.  *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir.2002) (en banc), aff'd by 539 U.S. 90 (2003) ("It is not normally appropriate to introduce the *McDonnell Douglas* burden-shifting framework to the jury"). See also *Sanghvi v. City of Claremont*, 328 F.3d 532, 540 (9th Cir.2003) ("it is error to charge the jury with the elements of the *McDonnell Douglas* prima facie case"). Cases discussing pretext and burden shifting arise in the summary judgment and directed verdict context. See for example, *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.1987), cert. denied, 498 U.S. 939 (1990).

Given _____

Refused: _____

Given as Modified: _____

Withdrawn: _____

**Plaintiff's Proposed Non-model Instruction No. 2**

**PRETEXT INSTRUCTION**

In determining whether national origin, religion, and/or retaliation was a reason for the Defendant's decision not to promote Mr. Bouamama to the Sales Supervisor position and/or to terminate Mr.Bouamama, you should consider whether the reasons offered by the defendant are credible.  If you find that the explanations offered by the defendant are not believable, then you may determine that discrimination was the true reason for the discharge and find for the Plaintiff EEOC.  This conclusion may be based solely upon your determination that the defendant's explanations are not believable, or upon other factors that convince you that, more likely than not discrimination was the true reason for the decision not to promote Mr. Bouamama to the Sales Supervisor position and/or to terminate Mr. Bouamama.  This conclusion need not be based upon direct evidence of discrimination.

Even if you find the defendant's explanations credible, you may still find that the defendant was motivated by more than one reason.  If you find that the defendant was motivated, in part, by national origin and/or religious discrimination or retaliation, then you must find for the EEOC, even though other factors also motivated the decision.

**Authority:**    *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220–1221 (9th Cir. 1998);  *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 745 (9th Cir. 2003); *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir 2004).

**Defendant's Objections**:    Defendant objects to this instruction because it is an incomplete and inaccurate description of the law and because it improperly injects the *McDonnell Douglas* burden shifting instruction, which should not be given to the jury in Title VII cases. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir.2002) (en banc), aff'd by 539 U.S. 90 (2003) ("It is not normally appropriate to introduce the *McDonnell Douglas*

1

2

3

4

5

6

burden-shifting framework to the jury"). See also *Sanghvi v. City of Claremont*, 328 F.3d 532, 540 (9th Cir.2003) ("it is error to charge the jury with the elements of the *McDonnell Douglas* prima facie case"). Cases discussing pretext and burden shifting arise in the summary judgment and directed verdict context. See for example, *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.1987), cert. denied, 498 U.S. 939 (1990).

7

8

9

10

11

12

13

Given                          _____

14

Refused:                       _____

15

Given as Modified:  _____

16

17

Withdrawn:                _____

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Proposed Non-Model Jury Instruction No. 3**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the EEOC on the religion discrimination claim, you must determine Mr. Bouamama's damages.  The EEOC has the burden of proving damages by a preponderance of the evidence.  "Damages" means the amount of money which will reasonably and fairly compensate Mr. Bouamama for any injury you find was caused by the Defendant.  There are three types of damages available in this case.  They are:  (1) back pay; (2) compensation for Mr. Bouamama's emotional pain and suffering (non-pecuniary compensatory damages); and (3) punitive damages.

The EEOC has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**:   Model Civ. Jury Instr. for the Ninth Cir., Instr. 7.1 and 7.2 (2004); Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(3).

**Defendant's Objections:**   Defendant objects to this instruction to the extent it instructs the jury on equitable remedies which are to be decided by the Court.  See *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014 (9th Cir. 2000); *Lutz v. Glendale Union High Sch. Dist. No. 205*, 403 F.3d 1061 (9th Cir. 2005).  As an  alternative jury instruction, Defendant proposes the Model Jury Instruction for the Ninth Circuit 7.1, 7.2 as set forth in Section I.  Defendant further objects to this instruction to the extent it instructs the jury on punitive damages, pending the Court's decision on Defendant's motion to bifurcate liability and punitive damages.

- 60 -

Given                    _____

Refused:                 _____

Given as Modified:       _____

Withdrawn:               _____

**Plaintiff's Proposed Non-Model Jury Instruction No. 4**

**BACK PAY**

Back pay damages are determined by measuring the difference between actual earnings for the period and those which Mr. Bouamama would have earned absent the discrimination by Defendant.  In determining the measure of back pay damages, you should consider the reasonable value of wages and earnings lost to the present time, plus pre-judgment interest.

**Authority**:  Model Civ. Jury Instr. for the Ninth Cir., Instr. 7.2 (2004); 42 U.S.C. §2000e-5(g)(1); Gotthardt v. National Railroad Passenger Corp., 191 F.3d 1148, 1158 (9th Cir.1999) (citations omitted).

**Defendant's Objections**:  Defendant objects to this instruction to the extent it instructs the jury on equitable remedies which are to be decided by the Court.  See *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014 (9th Cir. 2000);  Lutz v. Glendale Union High Sch. Dist. No. 205, 403 F.3d 1061 (9th Cir. 2005).

Given                    _____

Refused:                _____

Given as Modified:   _____

Withdrawn:           _____

**Plaintiff's Proposed Non-Model Jury Instruction No. 5**

**NON-PECUNIARY COMPENSATORY DAMAGES**

If you determine that Youssef Bouamama has experienced emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, you may award damages for those injuries.  No exact standard exists for fixing the compensation to be awarded for these elements of damages.  Compensatory damages can be inferred from the circumstances presented to you by the evidence, or they can be proven by testimony on this issue of damages.  No evidence of monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence.  No medical testimony is necessary to prove compensatory damages.  The testimony of Mr. Bouamama is enough.

It may be difficult for you to arrive at a precise evaluation of actual damages for this type of emotional harm and suffering. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence. The damages that you award must be fair compensation.

When considering the amount of monetary damages to which Mr. Bouamama may be entitled, you should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life that he felt. You must also consider its extent or duration, as any award you make must cover the damages endured by Mr. Bouamama since the time of the wrongdoing to the present time. You may award damages for emotional distress if you find that the evidence justifies the conclusion that any of  Mr. Bouamama's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

**Authority**:   Model Civ. Jury Instr. for the Ninth Cir., Instr. 7.1 (2001); Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1); Employment Litig. Model Jury Instr. 1.07.

1

2

3   Given                _____

4   Refused:              _____

5   Given as Modified:    _____

6

7   Withdrawn:            _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Proposed Jury Instruction No. 6**

**7.5 PUNITIVE DAMAGES (AS MODIFIED)**

If you find for the EEOC, you may, award punitive damages to Mr. Bouamama.  The purposes of punitive damages are to punish Defendant and to deter Defendant and others from committing similar acts in the future.

The EEOC has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  In determining whether to award punitive damages, you must decide whether Defendant acted with malice or with reckless disregard to Mr. Bouamama's right not to be discriminated against on the basis of his religion.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of Mr. Bouamama's rights if Defendant acted in the face of a perceived risk that its actions would violate his rights under federal law.  In general, intentional discrimination is enough to establish punitive damages liability.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes.  In considering punitive damages, you may consider the degree of reprehensibility of the Defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on Mr. Bouamama.

**Authority**:   Model Civ. Jury Instr. for the Ninth Cir., Instr. 7.5; *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 515 (9th Cir. 2000).

Given             _____

Refused:          _____

Given as Modified:  _____

Withdrawn:        _____

**Plaintiff's Proposed Jury Instruction No. 7**

**QUESTIONS TO WITNESSES BY JURORS**

While it is not customary for a juror to ask a question of a witness, if you wish to do so, put the question in writing and hand it to the courtroom deputy.

The court and counsel will review your question.  Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the courtroom deputy. Remember that you are not to discuss the case with other jurors until it is submitted for your decision.

**Authority**:    Model CIV. Jury Instr. for the Ninth Cir., Instr. 1.15 (2004).

**Defendant's Objections**:    Defendant objects to this instruction and the practice of allowing jurors to question witnesses.  The Jury Committee of the Ninth Circuit recommends against encouraging jurors to ask questions. "Questions by jurors during trial should not be encouraged or solicited." Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, § 3.5 (1998) (citing *DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512, 517 (4th Cir.1985)). "Juror questioning is a course fraught with peril for the trial court. No bright-line rule is adopted here, but the dangers in the practice are very considerable." *DeBenedetto*, 754 F.2d at 517.

Given                  _____

Refused:               _____

Given as Modified:  _____

Withdrawn:          _____

**Plaintiff's Proposed Jury Instruction No. 8**

**RECORD KEEPING**

_____Federal regulations, which have the force of law and which employers are legally required to follow, require that any personnel or employment record kept by an employer be preserved by the employer for a period of one year from the date the record is made. In addition, Federal regulations require an employer, against whom a charge of discrimination has been filed, to preserve all personnel records relevant to the charge until final disposition of the charge, which in this case includes the trial.

If you determine that Defendant Go Daddy failed to preserve personnel records, such as interview notes prepared by panelists during the Sales Supervisor selection process, under either standard, you must find for the Commission and that Go Daddy violated federal record keeping requirements.

**Authority**:   Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c) and 29 C.F.R. §1602.14 (2001); *EEOC v. Shell Oil Co.*,466 U.S. 54, 78, 104 S.Ct. 1621, 1636 (1984); *Lombard v. MCI Tel. Corp.*, 13 F.Supp. 2d 621, 628, n. 10 (M.D. Ohio 1998).

**Defendant's Objections**:   Defendant objects to this instruction because it is an incomplete and inaccurate description of the law because, among other things, it fails to distinguish between deliberate and inadvertent conduct. See *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Med. Lab. Mgmt. Consultants v. Am. Broad. Corp.*, 306 F.3d 806, 824 (9th Cir. 2002). Defendant proposes an alternative instruction, Defendant's Proposed Jury Instruction No. 8 -   Spoliation, that more accurately reflects the law. Defendant further objects to this instruction because there has been no determination by the Court that Defendant failed to preserve records reasonably required to be preserved. See 29 C.F.R. 1602.14; *Rummery v. Illinois Bell Tele. Co.*, 250 F.3d 553 (7th Cir. 2001).

Given                 _____

Refused:              _____

Given as Modified:    _____

Withdrawn:            _____

**Plaintiff's Proposed Jury Instruction No. 9**

**PRESUMPTION WHERE RELEVANT RECORDS**
**NOT PRESERVED**

If you determine that Defendant Go Daddy failed to preserve personnel records, such as interview notes prepared by panelists during the Sales Supervisor selection process, as required by federal law, the Commission is entitled to a rebuttable presumption that the destroyed records contain evidence which would have been favorable to Plaintiff EEOC's claim that Go Daddy discriminated against Mr. Bouamama because of his national origin, religion, and/or for engaging in protected activity under Title VII. If Go Daddy had any notice of the potential relevance of the documents to the litigation that is enough to establish an adverse inference. Evidence of Go Daddy's bad faith is not required.

Authority:     *Glover v. BIC* Corp., 6 F.3d 1318, 1329 (9th Cir. 1993); *Favors v.*
               *Fisher*, 13 F.3d 1235, 1239 (8th Cir. 1994); *Hicks v. Gates Rubber*
               *Co.*, 833 F.2d 1406, 1419 (10th Cir. 1987); *Lombard v. MCI Tel.*
               *Corp.*, 13 F.Supp. 2d 621, 628, n. 10 (M.D. Ohio 1998).

**Defendant's Objections**:     Defendant objects to this instruction because it is an
               incomplete and inaccurate description of the law because,
               among other things, it fails to distinguish between deliberate
               and inadvertent conduct. See *Anderson v. Mt. Clements*
               *Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Med. Lab. Mgmt.*
               *Consultants v. Am. Broad. Corp.*, 306 F.3d 806, 824 (9th Cir.
               2002). Defendant proposes an alternative instruction,
               Defendant's Proposed Jury Instruction No. 8 -    Spoliation,
               that more accurately reflects the law. Defendant further
               objects to this instruction because there has been no
               determination by the Court that Defendant failed to preserve
               records reasonably required to be preserved. See 29 C.F.R.
               1602.14; *Rummery v. Illinois Bell Tele. Co.*, 250 F.3d 553
               (7th Cir. 2001).

1  Given                _____

2  Refused:             _____

3
   Given as Modified:   _____
4

5  Withdrawn:           _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Proposed Jury Instruction No. 10**

**MITIGATION OF DAMAGES**

Mr. Bouamama had  a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.     that Mr. Bouamama failed to use reasonable efforts to mitigate his damages; and

2.     the amount by which damages would have been mitigated.

Mr. Bouamama had a duty to mitigate back pay damages by using reasonable diligence, to obtain a substantially equivalent position.  However, that duty does not require success.

To satisfy its burden, Go Daddy must provide that, during the time in question, there were substantially equivalent jobs available which Mr. Bouamama could have obtained, and Mr. Bouamama failed to use reasonable diligence in seeking one.  The reasonableness of a claimant's efforts to find substantially equivalent employment is determined by (1) the economic climate in the relevant labor market, and (2) the claimant's characteristics, including factors such as age and personal limitations.

**Authority**:     9th Circuit Model Jury Instruction 7.3, as modified. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995); *EEOC v. Pape Lift, Inc.*, 115 F.3d 676, 683 (9th Cir. 1997);*Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997). *Lundy Packing Co. v. N.L.R.B.*, 856 F.2d 627, 629 (4th Cir. 1988).

**Defendant's Objections**:     Defendant objects to this instruction because Instruction No. 7.3, Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit (2005), provides a more accurate instruction on mitigation and has been proposed by both parties.

Given                    _____

Refused:                 _____

Given as Modified:   _____

Withdrawn:               _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SECTION IV

# DEFENDANT'S NON-MODEL INSTRUCTIONS

**Defendant's Proposed Jury Instruction No. 1**

**BUSINESS JUDGMENT DECISION**

You may not return a verdict for the EEOC just because you disagree with Go Daddy's decision not to promote Mr. Bouamama to the position of Sales Supervisor or believe it to be harsh or unreasonable.  The fact that you think that Go Daddy misjudged the qualifications of the applicants does not in itself expose Go Daddy to Title VII liability.  Your decision must be based on a finding that Go Daddy discriminated against Mr. Bouamama because of his religion and/or national origin and/or in retaliation for engaging in protected activity.

**Source**:    *Model Jury Instructions (Civil) Eighth Circuit* § 5.94 (2001); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability.").

**Plaintiff's Objection**:    The Commission objects to this instruction as unnecessary, incomplete, and unduly suggestive. The instruction disregards Ninth Circuit authority which permits evidence and argument regarding whether  Defendant's purported business judgment is, in fact, a pretext for discrimination. *Coghlan v. American Seafoods Company, L.L.C.*, 413 F.3d 1090, 1099 (9th cir. 2005)(inquiry into business judgment relevant to the extent it suggests that an employment decision is "only explainable as a product of illegal discrimination.")  *See also Beaird v. Seagate Tech.*, 145 F.3d 1159, 1169 (10th Cir. 1998)("there may be circumstances in which a claimed business judgment is so idiosyncratic or questionable that  a factfinder could reasonably find that it is pretext for discrimination.") Moreover, "while the business judgment rule protects the sincere employer against second-guessing of the reasonableness of its judgments, it does not protect the employer against attacks on its credibility." *Green v. Maricopa Cty. Comm. Coll. School Dist.*, 265 F. Supp. 2d 1110, 1128 (D. Arizona 2003),(quoting *Byrnie v. Town of*

*Cromwell Bd. of Educ.*, 242 F.3d 93, 105 (2d Cir. 2002)(internal citations omitted))*; Rivera v. City and County of Denver*, 365 F.3d 912, 924 (10th Cir. 2004)(relevant inquiry to "examine whether [the defendant] honestly believed those reasons and acted in good faith upon those reasons."); *Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595, 602 (9th Cir. 1993) (quoting *Burdine*, 440 U.S. at 259)(although a court's evaluation of relative qualifications does not mandate a finding of discrimination, it may be probative of whether the employer's reasons are pretexts for discrimination.)

Given                    _____

Refused:                 _____

Given as Modified:  _____

Withdrawn:           _____

**Defendant's Proposed Jury Instruction No. 2**

**COMPENSATORY DAMAGES**

You may consider whether Mr. Bouamama is entitled to receive compensatory damages.  These damages are intended to reasonably compensate him for emotional distress, pain, suffering, inconvenience, and mental anguish.  Compensatory damages may be awarded if you find by a preponderance of the evidence that Mr. Bouamama suffered emotional distress, pain, suffering, inconvenience, and/or mental anguish, and that these injuries were caused by Go Daddy's discriminatory conduct.

**Source:**   42 U.S.C. § 2000e-5(g)

**Plaintiff's Objection**:   The Commission objects to this instruction as insufficient to provide proper guidance on the evaluation of compensatory damages. As an alternative, Plaintiff proposes __ above.

Given            _____

Refused:         _____

Given as Modified: _____

Withdrawn:       _____

- 77 -

**Defendant's Proposed Jury Instruction No. 3**

**PROTECTED ACTIVITY DEFINED**

You must determine whether the plaintiff has proven by a preponderance of the evidence that Mr. Bouamama engaged in a protected activity.

A protected activity consists of any action by an employee in protest of or opposition to any act or practice unlawful under Title VII, including filing a charge of discrimination, testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under Title VII.

**Source:**      Instruction 4:650, McNamara & Southerland *Federal Employment Jury Instructions*, James Publishing (2001) (modified).

**Plaintiff's Objection**:      The Commission objects to the instruction as unnecessarily narrow and suggestive.  Specifically, the Commission objects to the delineation of protected activities in the second paragraph because it suggests the need to demonstrate one of these examples.  Title VII protects participation in the EEOC process and opposition to unlawful discriminatory activities. . 42 U.S.C. § 2000 e-3(a).  The only activities delineated are under the participation prong.  In this case, Mr. Bouamama also alleges he opposed Defendant's discriminatory practices.

Given                   _____

Refused:               _____

Given as Modified:   _____

Withdrawn:            _____

- 78 -

**Defendant's Proposed Jury Instruction No. 4**

**GO DADDY'S LIABILITY FOR PUNITIVE DAMAGES**

You are instructed that even if you find that Go Daddy unlawfully discriminated against and/or retaliated against Youssef Bouamama, you may not award punitive damages against Go Daddy if you find:

(1)   Go Daddy has made good-faith efforts to comply with federal law; and

(2)   The individuals who discriminated against Mr. Bouamama acted in a manner contrary to Go Daddy's good faith efforts to comply with federal law.

**Source:**   *Kolstad v. American Dental Association*, 119 S. Ct. 2118 (1999).

**Plaintiff's Objection**:   This instruction contains an incomplete statement of the affirmative defense to a claim for punitive damages.  Plaintiff has requested a non-model instruction based on *Kolstad*, *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545, 199 S.Ct. 2118, 2129 (1999), regarding punitive damages (Plaintiff's proposed instruction #  above).  In addition, Plaintiff proposes the following instruction regarding Defendant's assertion of the affirmative defense to punitive damages.   The Commission proposes the following alternative instruction.

**PLAINTIFF'S ALTERNATIVE INSTRUCTION**

**DEFENDANT'S BURDEN TO PROVE AN AFFIRMATIVE DEFENSE TO
AVOID PUNITIVE DAMAGES**

To avoid punitive damages, Defendant must prove that it undertook sufficient good faith efforts to comply with Title VII.  To prove that it undertook sufficient good faith efforts to comply with Title VII, Defendant must prove, by a preponderance of the evidence, that:

      1.     Defendant had a bona fide policy against discrimination; and

      2.     Defendant also effectively implemented the policy.

The mere existence of  a policy is not sufficient for Defendant to establish this affirmative defense.  You may consider whether any post-conduct remedial action is mere window dressing or a bona fide effort to repent and prevent the reoccurrence of discrimination in the future.

**Authority**:   *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545, 199 S.Ct. 2118, 2129 (1999); *Swinton v. Potomac Corp.*, 270 F.3d 794, 810-11, 815 (9th Cir. 2001); *Lowery v. Circuit City Stores,* 206 F.3d 431, 446 (4th Cir.2000); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 515 (9th Cir. 2000).

Given         _____

Refused:      _____

Given as Modified:   _____

Withdrawn:    _____

1

2

**Defendant's Proposed Jury Instruction No. 5**

3

**SPECULATION AS EVIDENCE OF DISCRIMINATION**

4

      Plaintiff must prove its claims with evidence in order to prevail in this case.

5

Plaintiff's speculations, suspicions, surmises, guesses or conjectures are not evidence and

6

they are insufficient to meet this burden.  Mr. Bouamama's own subjective belief that

7

Defendant treated him differently based upon his religion, national origin, or because he

8

engaged in protected activity is not evidence of discrimination or retaliation.

9

       **Source:**     Federal Employment Jury Instructions §1:1100 (2001) (modified);

10

                   *Bradley v. Harcourt Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996)
                   *Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir. 1981).

11

12

13

**Plaintiff's Objection**:     The Commission objects to this instruction as unnecessary,

14

                        prejudicial, and unduly suggestive that the Commission's

15

                        claim is based on Mr. Bouamama's subjective belief alone..

16

17

18

19

20

21

22

23

24

Given             _____

25

Refused:          _____

26

Given as Modified:  _____

27

Withdrawn:       _____

28

## Defendant's Proposed Jury Instruction No. 6

### SAME ACTOR INFERENCE

You have heard that Brett Villenueve, Mr. Bouamama's supervisor, was one of the people who made the final decision not to promote him to the position of Sales Supervisor.  In addition, during Plaintiff's period of employment at Defendant's company, Mr. Villenueve promoted Mr. Bouamama on two different occasions, with corresponding increases in pay.

When the individual who assists in making the decision not to promote an employee has previously promoted that same employee, there is a strong inference that discrimination did not motivate the employment decision.  You may, but are not required to, infer from this evidence that Mr. Villenueve's participation in the decision not to promote Mr. Bouamama to the position of Sales Supervisor was not motivated by illegal discrimination.

**Source:**   Federal Employment Jury Instructions §1:1140 (2001) (modified); *Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267 (9th Cir. 1996); *Buhrmaster v. Overnite Transp. Co.,* 61 F.3d 461, 463 (6th Cir. 1995); *Lowe v. J.B. Hunt Transp. Inc.*, 963 F.2d 173 (8th Cir. 1992).

**Plaintiff's Objection**:   Plaintiff objects to the instruction as unnecessarily confusing, an inaccurate statement of the law in the circuit, and an inaccurate statement of the facts in this case. The Ninth Circuit has recognized this presumption "where the same actor is responsible for both the hiring and the firing of the discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." *Bradley v. Harcourt, Brace, and Co.,* 104 F.3d 267 (9th Cir. 1996).  This case does not extend to the promotional or retaliation context, as urged by Defendant, and the instruction completely omits the temporal requirement. *Coghlan v. American Seafoods Co. LLC.,* 413 F.3d 1090, 1095, n.9 (9th Cir. 2005).  The Commission further objects that the instruction is not based on the record, because

it ignores whether (a) Mr. Villaneuve was primarily responsible for Mr. Bouamama's previous promotion, (b) Mr. Villaneuve was involved in Mr. Bouamama's termination, (C) Mr. Villaneuve was aware of Mr. Bouamama's religion and/or national origin at the time of the earlier promotion, (d) Mr. Villaneuve was solely or even primarily responsible for the Sales Supervisor promotion, and (e) direct evidence of discriminatory animus exists. It is confusing to the extent that any presumption applied with respect to Mr. Villaneuve should not extend to other decision-makers.

Given                          _____

Refused:                       _____

Given as Modified:   _____

Withdrawn:               _____

**Defendant's Proposed Jury Instruction No. 7**

**TITLE VII—PUNITIVE DAMAGES
INTENTIONAL DISCRIMINATION ALONE IS INSUFFICIENT**

Proof of intentional discrimination, standing alone, is insufficient to warrant an award of punitive damages.

**Source:**    *Ngo v. Reno Hilton Resort Corp.*, 140 F.3d 1299, 1304 (9th Cir. 1998)

**Plaintiff's Objection:**    The Commission objects that the instruction incorrectly states the law and is unnecessary.  The authority cited by Defendant was decided prior to the United States Supreme Court's decision in *Kolstad v. American Dental Association*, 527 U.S. 526, 119 S.Ct. 2118 (1999), discussing the standard for punitive damages under the federal civil rights acts. Following *Kolstad*, the Ninth Circuit has held that "in general, intentional discrimination is enough to establish punitive damages liability." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 515 (9th Cir. 2000).

Given              _____

Refused:           _____

Given as Modified:  _____

Withdrawn:         _____

### Defendant's Proposed Jury Instruction No. 8

### SPOLIATION

There has been testimony that certain documents of the Defendant no longer exist. In some circumstances, a party's failure to preserve documents or other evidence is spoliation. "Spoliation" is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.

The spoliation of evidence pertinent to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction. However, when relevant evidence is lost accidentally or for an innocent reason, an adverse evidentiary inference may be rejected.

You may infer that the documents would have been unfavorable to the Defendant only if the Plaintiff can prove, by a preponderance of the evidence, that:

1. The Defendant had an obligation to preserve the documents at the time they were destroyed;

2. The documents were destroyed knowingly; and

3. The documents were relevant to the Plaintiff's claim.

The obligation to preserve documents can arise when a party knows the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation. A regulation can create the requisite obligation to retain records, even if litigation involving the records is not reasonably foreseeable.

**Source:**     *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946);

*Med. Lab. Mgmt. Consultants v. Am. Broad. Corp.*, 306 F.3d 806,824 (9th Cir. 2002).

**Plaintiff's Objection**:          The plaintiff objects to this request as unnecessary, confusing and inaccurate statement of the law.  The authority Defendant

cites does not involve the specific Title VII federal record keeping requirement at issue in this case.  Under this situation, it is more appropriate to give a rebuttable presumption instruction.  Moreover, the Ninth Circuit case does not require proof that Defendant "knowingly destroyed documents" in order to trigger an adverse inference.  *Glover v. BIC* Corp., 6 F.3d 1318, 1329 (9th Cir. 1993).  The Commission has prepared alternative instructions for the recordkeeping allegation and a rebuttable presumption, set forth at ___.

Given                           _____

Refused:                       _____

Given as Modified:  _____

Withdrawn:                _____

**Defendant's Proposed Jury Instruction No. 9**

**STRAY REMARKS**

The plaintiff relies upon alleged remarks made to Mr. Bouamama, or to others about him, as evidence of discrimination.  You are instructed that stray remarks cannot constitute evidence of discrimination.

To rise above the level of a stray remark and constitute direct evidence of discrimination, a remark must be: (1) made by either the decisionmaker (i.e., the person who made an adverse employment decision regarding Mr. Bouamama) or by one whose recommendation the decisionmaker seeks; (2) related to the specific employment decision challenged; and (3) made close in time to the decision.

Statements by non-decisionmakers and statements by the decisionmaker that are unrelated to the decisional process are insufficient to support a discrimination claim. To constitute direct evidence, the alleged comment must relate to the specific employment decision in question.  Therefore, a remark that is unrelated to the decisional process is insufficient to demonstrate that the employer relied on illegitimate criteria, even when a decisionmaker made the statement.  Finally, the Plaintiff must prove that the alleged comment was made specifically about Mr. Bouamama.  Isolated and ambiguous statements that are not directed at any particular individual are insufficient to establish discrimination.

**Source:**   *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990);

*Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993); *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 405 (5th Cir. 2001); *Rubinstein v. Adm'rs of Tulane Ed. Fund*, 218 F.3d 392, 400-01 (5th Cir. 2000).

**Plaintiff's Objection**:   The Commission objects that the instruction is unnecessary, unfairly suggestive, and  legally incorrect.  Specifically, it is legally incorrect to state that discriminatory remarks not

- 87 -

1
2
3
4
5
6
7
8
9
10

related to the specific decision or about a specific individual cannot constitute evidence, as opposed to direct evidence of discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251, 109 S.Ct. 1775, 1791, 104 L.Ed.2d 268 (1989) ("[r]emarks at work that are based on sex stereotypes do not inevitably prove that gender played a part in a particular employment decision ... [although] stereotyped remarks can certainly be *evidence* that gender played a part"); *Dominguez-Curry v. Nev. Transp. Dept.,* 424 F.3d 1027, 1038 (9th Cir. 2005)(sexist remarks probative even if directed at other women.; *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1988)(manager's derogatory comments about women relevant to discrimination); *Mangold v. California Public Utilities Com'n*, 67 F.3d 1470 (9th Cir. 1995)(" Even if the remarks *alone* might have been insufficient to withstand summary judgment, however, the remarks were certainly relevant and, along with other substantial evidence, created a strong inference of intentional discrimination.")

11
12
13
14
15
16
17

18  Given                    _____

19
20  Refused:                  _____

21  Given as Modified:        _____

22  Withdrawn:                _____

23
24
25
26
27
28

- 88 -

**Defendant's Proposed Jury Instruction No. 10**

**BUSINESS DECISIONS - REORGANIZATION**

Defendant's decision to reorganize its call center to consolidate fifteen (15) managerial positions into a limited number of Sales Supervisor positions is a legitimate, nondiscriminatory reason for its decision to eliminate Mr. Bouamama's position. Defendant's business decision to conduct a reorganize its call center and its criteria for determining what positions should be eliminated are not in issue here and are not subject to consideration by a jury.  You may not second guess Defendant's business decision to reorganize its call center or Defendant's criteria for determining what positions should be eliminated.  Neither may you second-guess Defendant's decision to eliminate Plaintiff's position.  An employer is entitled to make its own business decisions and use its own business judgment even where its decision is foolish, trivial or baseless, so long as it is not unlawful.

**Source:**      *Coleman v. The Quaker Oats Company*, 232 F.3d 1271, 1282 (9th Cir. 2000); *Nidds v. Schindler Elevator Co.*, 113 F.3d 912, 918 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *Usher v. Sacramento County*, 91 Fed. Appx. 11, 13 (E.D. Cal. 2004); *Funai v. Brownlee*, 369 F. Supp. 2d 1222 (N.D. Ha. 2004).

**Plaintiff's Objection:**      The Commission objects to this instruction as unnecessary, incomplete, confusing, argumentative and an incomplete statement of the law. As set forth in the Commission's objections to Defendant's Proposed Instruction No. __,  a jury can examine whether a businesses our a pretext for discrimination.

**Defendant's Proposed Jury Instruction No. 11**

**EMOTIONAL DISTRESS**

To recover damages for emotional distress, plaintiff must prove by a reponderance of the evidence that he has suffered injuries that are severe, meaning that they are substantial or enduring. Plaintiff may not recover emotional distress damages for injuries that are trivial or transitory.

**Source**:       *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1499 (9th Cir. 1986).

**Plaintiff's Objection**:       The Commission objects to this instruction as unnecessary and an inaccurate statement of the law.  42 U.S.C. §1981a (a)-(b). Compensatory damages may be awarded for injuries such as: "emotional pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life."  42 U.S.C. § 1981a(b)(3)Moreover, the sole case decided as authority was decided under a California Statute not at issue in this case and prior to the enactment of the Civil Rights Act of 1964 under which the Commission is seeking non-pecuniary compensatory damages on behalf of Mr. Bouamama in this case.  Compensatory damages "are awarded to compensate a complaining party for losses or suffering due to the discriminatory act or conduct."  *EEOC Enforcement Guidance: Compensatory and Punitive Damages Available Under Sec. 102 of the Civil Rights Act of 1991, reprinted in* 3 EEOC Compliance Manual (BNA) N:6071, 1992 WL 1258501 at *4 (July 14, 1992).   A victim's testimony alone is a sufficient basis on which to award compensatory damages for emotional harm.  *EEOC v. Moser Foods, Inc.*, 75 F.E.P. Cases 532 (BNA), 1997 WL 827398 at *1 (D. Ariz. Nov. 7, 1997)  *See also Coleman v. Kaye*, 87 F.3d 1491, 1507 (3rd Cir. 1996) (concluding that a reasonable jury could credit Plaintiff's testimony about her emotional distress).  There is no authority under this statute requiring the damage to be "substantial" or "enduring." . The issue of emotional damages is better addressed through the Commission's compensatory damages instruction, set forth at _ above.